## A. JOSEY V. H. A. PERLSTEIN ET AL.

· Decided January 7, 1908.

**1.—Injunction—Landlord and Tenant—Lis Pendens.**

The pendency of a suit by a tenant for specific performance of a contract ·for the lease of certain premises would be notice of the rights of the plaintiff to any person who might lease such premises from the landlord pending the suit, and plaintiff having an adequate and complete legal remedy at law, no necessity would exist for an injunction to prevent the leasing of the premises pending the suit.

**2.—Same—Legal Remedy.**

In a suit by a tenant for specific performance of a contract for the lease of certain premises, a court of equity will not interfere by injunction to prevent the landlord from leasing the premises in controversy to a third person

pending such suit, when it appeared that the landlord had instituted a suit of forcible entry and detainer, and the rights of the parties could be settled in that suit.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Duff, John & Davis,* for appellant.

*G. P. Dougherty* and *Sol. E. Gordon,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Appellant, A. Josey, plaintiff below, brought this suit against appellees, H. A. Perlstein and the E. L. Clough Drug Company, defendants below, for damages and for specific performance of the contract hereinafter referred to, and for injunction. A temporary writ was granted by the district judge, which after a hearing upon motion, filed by appellee Perlstein, was dissolved; and from the order dissolving the injunction appellant Josey duly perfected this appeal.

The allegations of the petition upon which the prayer for injunction was based were substantially as follows: That on the 15th of January, 1906, plaintiff went into possession of and has since occupied as his place of business a certain storehouse in the city of Beaumont which belongs to defendant Perlstein; that such occupancy up to January 15, 1907, was by virtue of a written contract with Perlstein; that on the 15th of December, 1906, plaintiff and defendant entered into a lease contract to extend from January 15, 1907, to January 15, 1908, of which contract the former written contract was a part, there being, however, certain additions and changes not necessary to be here set out; that plaintiff continued to occupy said premises from January 15, 1906, to the time of filing the petition; that about the 22d day of February, 1907, the defendant, H. A. Perlstein, desiring to utilize the above described store building for some purpose of his own, proposed to plaintiff that if the plaintiff would vacate said building on November 15, 1907, and prior to the expiration of his lease, that the said defendant would lease to plaintiff, for a period of one year, from the 15th day of November, that certain storehouse now occupied by the defendant, E. L. Clough Drug Company, as a drug store, at No. 563 Pearl Street, in the city of Beaumont, Texas, the terms of said lease, the amount of the rental and the payment thereof to be the same as the lease under which plaintiff is now holding the building first above described, and said proposition being accepted by the plaintiff, it was then and there agreed that plaintiff should remain in the building in which he now is until November 15, 1907, at which time the contract under which plaintiff is now holding said first described building should be terminated, and that plaintiff should then take possession of the last mentioned building under a contract the same in terms and existing from November 15, 1907, until November 15, 1908.

That the defendant, E. L. Clough Drug Company, is now in pos-

session of the last mentioned building and is made a party to this suit for that reason; that this plaintiff is not informed how or in what right the said E. L. Clough Drug Company is holding or claiming said store building.

That notwithstanding his contract duly made and entered into as aforesaid, and notwithstanding the fact that plaintiff has faithfully complied with the terms of said contract, the defendant, H. A. Perlstein, in addition to his breach of the covenants to repair said building as aforesaid, has threatened and is threatening to repudiate both of his said contracts with this plaintiff, and is demanding from this plaintiff immediate possession of the building which he is now in, and is threatening to institute actions at law to eject plaintiff from said building, and is threatening and attempting to lease the last mentioned building to other parties, and is refusing to recognize plaintiff's right to occupy said last mentioned building, from November 15, 1907, to November 15, 1908, under the terms of his contract; and that if permitted to institute or prosecute said action at law to eject plaintiff from the building in which he now is plaintiff will be greatly annoyed and harassed and will suffer great damages for which he will have no adequate remedy at law, and if defendant, H. A. Perlstein, is permitted to lease said drug store building to other parties plaintiff will not be able to obtain another building in the city of Beaumont in which to carry on his business, and plaintiff will suffer the loss of a well established trade and the good will of his business, and will suffer great and irreparable damages for which he will have no adequate redress at law, and if he has any legal remedy the same is cumbersome and ineffectual and inadequate, and it would be a hardship upon plaintiff to force him to resort thereto.

Premises considered, plaintiff prays for a citation to each of said defendants in terms of law, requiring them to appear and answer this petition, and that upon final hearing plaintiff have judgment against the defendant, H. A. Perlstein, for his damages in the sum of $2000, as above set out, and for specific performance of his rental contract for the building known as No. 563 Pearl Street, and that he have judgment against both of said defendants for the possession of said building from November 15, 1907, until November 15, 1908; and plaintiff further prays for writ of injunction enjoining and restraining the defendant, H. A. Perlstein, from instituting or prosecuting any action of forcible entry and detainer, or any actions in ejectment or trespass to try title, or any action at law of any character intended to interfere with or affect plaintiff's possession of said building in which he is now located until November 15, 1907, or until such time as plaintiff shall be put into peaceable and quiet possession of the building now occupied by defendant, E. L. Clough Drug Company, and enjoining and restraining defendant, H. A. Perlstein, from making or entering into any lease contract with any other person, firm or corporation in respect to the building now occupied by the Drug Company for the period of plaintiff's lease, to wit, from November 15, 1907, to November 15, 1908; or from entering into any kind of contract or agreement with any person,

firm or corporation; or putting any person, firm or corporation into possession thereof in such a manner as to interfere with the rights of the plaintiff under the aforesaid lease contract. The injunction was granted in the terms of the prayer.

The district judge filed his written findings of fact and conclusions of law, the findings of fact being, substantially, that there was a lease contract between plaintiff and the defendant Perlstein whereby the latter leased to the former the building now occupied by the E. L. Clough Drug Company for the term of one year as alleged in plaintiff's petition; that this lease contract was not abrogated by any subsequent agreement of the parties or by the conduct of the plaintiffs; that plaintiff is in possession of the property now occupied by him under a lease contract with defendant, Perlstein, and that said lease began January 15, 1907, and expires January 15, 1908; that plaintiff has made default in the payment of rent under his contract for the house now occupied by him, but that defendant Perlstein had waived his right to a forfeiture on account of such default; that on October 26, 1907, and before the issuance of the order granting the temporary injunction in this case, the defendant Perlstein instituted against plaintiff a suit of forcible entry and detainer in the Justice Court of Jefferson County, seeking to recover from plaintiff the building now occupied by him. These findings are sustained by the evidence.

The district judge concluded, as a matter of law, that upon the foregoing facts the writ of injunction should be dissolved for the reasons, first, that the filing of the suit for specific performance and the service of process are ample protection to plaintiff as against any person who may, during the pendency of the suit, lease, or contract with Perlstein in reference to, the house occupied by the E. L. Clough Drug Company, as such person would, in such a case, take the house subject to such rights as plaintiff might establish thereto in this suit; second, the suit of forcible entry and detainer having been filed by defendant Perlstein against plaintiff to recover possession of the premises occupied by the latter now and before the granting of the temporary injunction, and the Justice Court having acquired jurisdiction over the parties and the subject matter, and having full power to determine the right to the possession of the premises, the plaintiff can assert any and all defenses in that court that he could assert for affirmative relief in reference to said house in this proceeding; and, third, that it did not appear from the pleadings and proof that plaintiff did not have a plain, adequate and complete legal remedy.

These conclusions we approve and adopt. The judgment dissolving the temporary injunction is, therefore, affirmed.

*Affirmed.*